IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:05CV93-MU-02

THOMAS T. DILLARD, JR.,    )
    Petitioner,             )
                           )
        v.              )          ORDER
                           )
ANTHONY HATHAWAY, Supt.,   )
    Respondent.             )
_____)

    **THIS MATTER** comes before the Court on the petitioner's
Petition for a Writ of <u>Habeas Corpus</u>, filed April 27, 2005.  For
the reasons stated herein, the instant Petition will be <u>dismissed</u>.

## I.  <u>FACTUAL AND PROCEDURAL BACKGROUND</u>

    According to the Petition, in September 1986 and December
1991, the Superior Courts of Haywood and Henderson Counties,
respectively, convicted him of multiple counts of Breaking and
Entering, Larceny and/or Possession of Stolen Goods.  Upon his
convictions, the Superior Court of Haywood County sentenced the
petitioner to 20 years imprisonment, and the Superior Court of
Henderson County sentenced him to 50 years imprisonment.

    The petitioner did not directly appeal any of his convictions
or his two sentences.  Rather, after allowing more than a decade to
pass since the time that both of his cases became final, in
September 2004, the petitioner filed Motions for Appropriate Relief

("MAR" hereafter) challenging his Haywood and Henderson County cases. Not surprisingly, however, those Motions were summarily rejected by the two Superior Courts. The petitioner subsequently filed Petitions for Writs of Certiorari in the State Court of Appeals, challenging the Superior Courts' denials of his MARs, but those Petitions also were denied. Thereafter, the petitioner's Petition for a Writ of Certiorari was denied by the State Supreme Court.

Undaunted by his lack of success, the petitioner now has filed the instant federal Petition for a Writ of <u>Habeas Corpus</u>, arguing that the N.C. Department of Corrections has erroneously collected restitution from him for convictions whose judgments previously were terminated. However, as is obvious from the foregoing recitation, the instant Petition is subject to summary dismissal for several reasons, including the ones which will be hereafter set forth.

## II. <u>ANALYSIS</u>

First, the petitioner is attempting to challenge two separate sets of convictions--which convictions were imposed by different State Courts on different occasions--within this single federal Petition. However, pursuant to Rule 2(e) of the Rules Governing <u>Habeas Corpus</u> Cases under 28 U.S.C. §2254, "[a] petitioner who seeks relief from judgments of more than one state court must file a separate petition covering the judgment or judgments of each court." Consequently, the petitioner cannot proceed on his

Petition as it now is drafted.

Second, and more critically, the petitioner's challenge--that the N.C. Department of Corrections is erroneously collecting restitution from him for convictions whose judgments previously were terminated--simply is not cognizable in a <u>habeas</u> Petition under §2254 such as this one. To be sure, <u>habeas</u> review under §2254 is appropriate when a state prisoner is attacking either the <u>fact</u> or <u>length</u> of a conviction and/or confinement. <u>Preiser v. Rodriquez</u>, 411 U.S. 475 (1973). However, claims which relate to the execution of a particular sentence, such as the allegation raised herein, are not cognizable in this type of proceeding. Thus, the petitioner cannot proceed on the instant allegation.

Third, in April 1996, the U.S. Congress enacted the Antiterrorism and Effective Death Penalty Act, effectively amending 28 U.S.C. §2254 by adding the following language:

A 1-year period of limitation shall apply to an application for a writ of <u>habeas corpus</u> by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review:

(B) the date on which the impediment to filing an application created by State in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

© the date on which the constitutional right asserted was initially recognized by the Supreme Court; if the right

has been newly recognized by the Supreme Court and made
retroactively applicable to cases on collateral review;
or

(D) the date on which the factual predicate of the claim
or claims presented could have been discovered through
the exercise of due diligence.

Furthermore, the AEDPA provides that the time during which a
properly filed application for State post-conviction or other
collateral review with respect to the pertinent judgment or claim
is pending shall not be counted toward any period of limitation
under this subsection.

Here, even assuming the petitioner could proceed with his non-
habeas challenges to multiple judgments in this single proceeding,
the record reflects that such challenge still would have to be
dismissed as time-barred. That is, the record establishes that the
petitioner did not directly appeal either his September 22, 1986 or
his December 17, 1991 convictions. Therefore, those cases became
final no later than October 2,1986 and December 30, 1991--that is,
at the expiration of the brief period during which the petitioner
could have filed his notices of appeal in State court.

In any event, since the petitioner's convictions and sentences
became final prior to the time that the AEDPA was enacted, under
relevant case law, the petitioner's one-year limitations period in
both cases began to run on the AEDPA's enactment date of April 24,
1996, and expired one year later on April 24, 1997. See Harris v.
Hutchinson, 209 F.3d 325, 328 (4th Cir. 2000) (noting that the one-
year limitation period for pre-AEDPA cases begins on April 24,

1996); <u>Brown v. Angelone</u>, 150 F.3d 370, 375 (4th Cir. 1998) (same);
<u>and Hernandez v. Caldwell</u>, 225 F.3d 435, 439 (4th Cir. 2000) (noting
that absent tolling, the one-year period expires on April 24,
1997). Obviously, the petitioner did <u>not</u> file this action by that
1997 expiration date. Thus, the petitioner's Petition clearly was
time-barred by the point that he filed it in this Court on April
27, 2005.

Moreover, notwithstanding the fact of the petitioner's belated
attempts to pursue collateral review of those cases in late 2004,
such fact is of little consequence in this case. Indeed, by the
time that the petitioner filed his various MARs, his federal
deadline had long before expired. Therefore, even if the Court
were to toll the one-year deadline for the brief six-month period
during which the petitioner's cases were on collateral review, such
extension still is simply too little too late, and cannot revive a
Petition which simply was dead upon its arrival at this Court.

Furthermore, it is quite apparent that the petitioner, despite
having been given an opportunity to do so, has failed to articulate
a proper basis for tolling the applicable limitation period, or for
otherwise extending the time in which he had to file the instant
Motion.[1]    Rather, the petitioner, aware of this bar to his

---

[1] In January 2002, the Fourth Circuit Court of Appeals decided the case
of <u>Hill v. Braxton</u>, 277 F.3d 701, 706 (4th Cir. 2002). In that case, the
Court concluded that "when a federal habeas court, prior to trial, perceives a
<u>pro-se</u> [petition or Motion to Vacate] to be untimely and the state has not
filed a motion to dismiss based upon the one-year limitations period, the
[district] court must warn the petitioner that the case is subject to
dismissal . . . absent a sufficient explanation." Consistent with that
requirement, in December 2004, the Congress amended the rules governing habeas
proceedings and modified the Motion to Vacate forms to comply with the new

Petition, simply claims
that his Petition is not
time-barred since he
only recently became
aware that he was going

Graham C. Mullen
Chief United States District Judge

to be required to make restitution on the cases in question.
Therefore, the petitioner's Motion to Vacate must be <u>dismissed</u>.

### III.  <u>CONCLUSION</u>

The instant <u>Habeas</u> Petition contains challenges to judgments
from more than one state court, it does not challenge matters which
are cognizable under §2254, and it clearly was untimely filed in
this Court.  Accordingly, such Petition will be <u>dismissed</u>.

### IV.  <u>ORDER</u>

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the petitioner's
Petition for a Writ of <u>Habeas Corpus</u> is **DISMISSED**.

**SO ORDERED,** this __2nd__ day of __May_____, 2005.

_____
**GRAHAM C. MULLEN**
**Chief U.S. District Judge**

---

requirement.  The new Motion to Vacate forms now include a section which
directs the petitioner to address the "timeliness of [his/her] motion."  In
particular, such new provision advises the petitioner that if his/her con-
viction became final more than one year before the time that the Motion to
Vacate is being submitted, he/she "must explain why the one-year statute of
limitations as contained in 28 U.S.C. §2255 [also set forth on the form] does
not bar [such] motion."  Accordingly, given the fact that the petitioner has
attempted to address the timeliness of his Motion to Vacate—albeit
unsuccessfully—the Court concludes that it need not provide the petitioner
with any additional notice in this matter.