```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE WESTERN DISTRICT OF NORTH CAROLINA
                   ASHEVILLE DIVISION
                    1:05CV93-MU-02
```

| | |
|---|---|
| THOMAS T. DILLARD, JR., )<br>    Petitioner,     )<br>                      )<br>      v.               )<br>                      )<br>ANTHONY HATHAWAY, Supt., )<br>    Respondent.     ) | ORDER |

**THIS MATTER** comes before the Court on the petitioner's "Motion For Reconsideration . . . ," filed May 16, 2005. For the reasons stated herein, the petitioner's Motion will be <u>denied</u>.

According to the record of this matter, on April 27, 2005, the petitioner filed a federal Petition for a Writ of <u>Habeas Corpus</u>, essentially seeking to challenge the restitution requirements which were imposed in connection with his September 1986 and December 1991 sentences. Furthermore, the record showed that the petitioner had not appealed such cases and, indeed, that he had allowed more than a decade to pass before he even attempted to obtain collateral review for those matters. Consequently, this Court ultimately determined that the petitioner's Petition had to be summarily dismissed.

By the instant Motion for Reconsideration, the petitioner argues that the Court's decision to dismiss his Petition was erroneous, and that his case should be reinstated and the Writ should issue. Oddly, the petitioner concedes that the Court was correct in stating that he had not directly appealed his cases; and

that it was correct in stating that he had not sought collateral review until September 2004. However, the petitioner believes that his challenge to the restitution requirements did not ripen until after he had completed his prison terms. Therefore, the petitioner contends that his claims were not time-barred.

Notwithstanding the petitioner's erroneous belief to the contrary, his claims are, in fact, time-barred by the AEDPA. Moreover, even if the claims were not time-barred, as the Court advised the petitioner, his attack of the restitution requirements simply was not cognizable in this type of proceeding. Likewise, as the Court also stated in its Order of dismissal, the petitioner's Petition clearly was subject to dismissal due to his attempt to use a single <u>habeas</u> Petition to challenge convictions which had been entered by courts in different counties on separate occasions.

Inasmuch as the petitioner has failed to demonstrate that these conclusions were erroneous, the Court will not disturb its earlier decision to dismiss the petitioner's Petition. Consequently, the petitioner's Motion for Reconsideration is <u>denied</u>.

**SO ORDERED.**

Signed: April 5, 2006

Graham C. Mullen
United States District Judge